UNITED STATES v. RADFORD et al.

(District Court, W. D. New York. April 13, 1904.)

1. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

In a prosecution for conspiracy to defraud the United States, H. testified that he had given a deed in blank to defendant, as agent, with the understanding that the latter should endeavor to sell the land and account for the proceeds. It was conceded at the trial that defendant had inserted the name of his codefendant as grantee in the deed in order to qualify him as bail. On H.'s testimony being given, defendant claimed surprise on the ground that H. had delivered the deed to one S., as agent, who had sold the property to defendant for a valuable consideration, and sought a continuance to obtain S.'s testimony, which was denied. After the trial, H. made affidavit that he had been mistaken in his testimony, and both he and S. testified that the deed had been delivered to S., and not to defendant. *Held*, that defendant was entitled to a new trial on the ground of newly discovered evidence

2. SAME—LACHES.

Where, after defendant had been convicted of conspiracy to defraud the United States, it developed that certain material testimony given against him, which was highly prejudicial, was false, and it was probable that, but for such evidence, the trial might have terminated differently, defendant's laches in applying for a new trial on the ground of newly discovered evidence was not sufficient to justify a denial thereof.

Charles H. Browne, U. S. Atty.

Thomas W. Pelham, for defendant Radford.

HAZEL, District Judge. This application for a new trial upon newly discovered evidence is based chiefly upon affidavits showing that the

testimony of one Hambler, at the trial of the defendant Radford, who was jointly indicted and tried with two confederates, Parrish and McLaren, for the crime of conspiracy to defraud the United States, was untrue. Hambler gave direct evidence showing that in the year 1896 he delivered a deed in blank covering 540 acres of land situate in the state of Virginia, to the defendant Radford, as agent, with the understanding that Radford should endeavor to sell the same, and upon a sale should insert in the deed the name of the grantee, and account for the proceeds of the sale to Hambler. It was practically conceded at the trial that in February, 1902, for the purpose of enabling the codefendant, Parrish, to qualify as bail, Radford inserted the name of Parrish as grantee in this deed, which was thereupon duly recorded. Later, on the same day, Parrish appeared before a United States commissioner and made oath that he was worth several thousand dollars over and above all his liabilities, and was the owner of the land described in the Hambler deed, and of other property enumerated in the justification. He was thereupon accepted as bail for several detained Chinese persons claimed by the government to be unlawfully in the United States. Soon afterwards, the Chinese persons failing to appear for trial, the bail bond was estreated. The government instituted an action upon the bond against Parrish, recovered judgment, and, an execution thereon being returned nulla bona, caused Radford, Parrish, and McLaren, upon sufficient evidence showing probable cause, to be indicted for conspiracy to defraud the United States. A trial was had upon the indictment in December, 1902, resulting in the conviction of Radford and Parrish only. Thereupon Radford appealed from the judgment of conviction to the Circuit Court of Appeals. The conviction was sustained. 129 Fed. 49. The grounds for a new trial, as stated by defendant, are that the witness Hambler, in his testimony, was mistaken upon a material point in the case, namely, that, instead of the deed having been delivered in blank by him personally to Radford, it was in fact delivered to one Story, as agent, to sell the property, and to render an account of the proceeds of the sale. In his affidavit, verified January 5, 1903, very soon after the trial, Hambler states that, as a result of correspondence passing between Story and himself, which correspondence was shown him since the trial, he has become fully convinced that his testimony regarding Radford was wholly erroneous, and a mistake of fact. It appears further from the affidavit, the truthfulness of which is not here controverted, that it was to Story, and not to Radford, that the above-mentioned deed in blank was delivered. It was claimed at the trial by the defendant Radford that he was surprised by the testimony of Hambler, and immediately effort was made to procure the attendance of said Story, who resided in the city of New York, to whom it was asserted that the deed in fact was delivered by Hambler, and who in turn delivered the same, for a valid consideration, to Radford. Story's testimony, however, was not obtained, though faithful efforts were made during the trial by the defendant to procure his attendance as a witness. At the close of the defendant's case, an affidavit was presented to the court showing that the absent witness was unable to attend on account of illness, and asking for a continuance of the case, to the end that his testimony be taken by commission. This request was

denied. The purpose and effect of Hambler's testimony was to show that the transfer by Radford to Parrish was unauthorized, and that no consideration passed, or, if the conveyance was for a consideration, there manifestly was a conversion of the proceeds by Radford. It is quite apparent that the jury concluded that the transaction was in furtherance of the unlawful conspiracy.

It is contended by the government that the testimony of Hambler was merely cumulative, and, conceding it to have been untrue, it is nevertheless insufficient to grant a new trial. The mistaken testimony of Hambler, however, considered in its entirety, was of a different character, though it also tended to establish the wrongful intent of the defendant. By implication, at least, it conveyed to the mind of the jury that Radford had committed another offense. It tended to show that, as Hamblc.'s agent and trustee, Radford had sold the property in question, and, though eight months had expired since the conveyance to Parrish, he had failed to account for the proceeds of such sale, or to notify the owner that the property had been transferred to Parrish. In the circumstances, it may well be that such testimony was considered by the jury as strongly supporting the proofs already in the case as to the defendant's fraudulent intent, and hence may have tended to remove a reasonable doubt, if such doubt existed in the mind of the jury, relative to other material facts claimed to have been proved by the government. The witness, who was 70 years of age and of patriarchal appearance, gave his testimony in a direct and positive manner, accompanied by such emphasis as unquestionably led to the belief that he had been greatly injured by the acts of the defendant. He repeatedly testified that Radford was the man to whom six years before he had given the deed in blank for the purpose of sale, and no notice had been given him of the disposition of the property. His credibility was not impeached, and, because of the absence of Story, was not in conflict. A careful consideration of his testimony, in connection with the emphasis accompanying its delivery, satisfies me that its effect was prejudicial to the defendant in the mind of the jury. Although much material evidence outside of the Hambler testimony to show the conspiracy, overt acts, and unlawful intent is disclosed by the record, there was also evidence in behalf of defendants from which the jury could have arrived at a different determination. It is quite probable that the trial might have terminated differently, had the jury not been influenced by the untruthful testimony to which reference has been made. The responsibility of granting a new trial in a criminal case is a grave one, and I have not arrived at the conclusions herein expressed without misgivings. In courts of the United States a motion for a new trial is addressed to the sound discretion of the court, and where it appears to the court in a criminal case that harmful results are probable, by reason of the mistaken testimony of a truthful witness, the ends of justice are doubtless best promoted by allowing a new trial. It is undoubtedly true that this application should have been made earlier. It was within defendant's power to move for a new trial on the same affidavits now before the court very soon after the trial. His neglect to do so, however, in view of the peculiar circumstances of the case, ought not to deprive him of the right to another trial, where it appears, as here, that

important material evidence was received upon the trial, which is now shown to have been untruthful, and which facts have prejudiced the defendant's rights.

Motion by defendant Radford for a new trial is granted.